IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIPKA BHAMBHANI<br>    1901 16th Street, N.W.<br>    Washington, D.C.  20009<br><br>CRAIG HEILMAN<br>    1616 Ricky Road<br>    Charlottesville, Virginia  22901<br><br>WIAS ISSA<br>    4800 Colonnade Court<br>    Prince William, Virginia  22192<br><br>TUOC H. NGUYEN<br>    11000 Bacon Race Road<br>    Prince William, Virginia  22192<br><br>JA EON PAK<br>    513 W. Broad Street, #601<br>    Falls Church, Virginia  22046<br><br>INSOOK YOO<br>    8901 Inverleigh Court<br>    Potomac, Maryland  20854<br><br>    *Plaintiffs,*<br><br>*v.*<br><br>MADRIGAL CONDOMINIUMS, LLC<br>    1001 G Street, N.W.<br>    Suite 700W<br>    Washington, D.C. 20001<br><br>THE MAYHOOD COMPANY<br>    1521 Westbranch Drive<br>    Suite 600<br>    McLean, Virginia  22102<br><br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.: _____ |

## __DEFENDANTS' NOTICE OF REMOVAL__

Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendants Madrigal Condominiums, LLC ("Madrigal") and The Mayhood Company ("Mayhood") hereby remove to this Court *Dipka Bhambhani, Craig Heilman, Wias Issa, Tuoc H. Nguyen, Ja Eon Pak, and Insook Yoo v. Madrigal Condominiums, LLC and The Mayhood Company*, Case No. 2008 CA 004218 R, from the Superior Court of the District of Columbia, Civil Division, based upon the following grounds:

1.  On June 10, 2008, Plaintiffs filed a Complaint in the Superior Court for the District of Columbia, Civil Division, naming Madrigal and Mayhood as defendants in the action (the "Complaint").

2.  Madrigal was served with a Summons, a copy of the Complaint, and an Initial Order and Addendum on June 16, 2008, true and correct copies of which are attached as **Exhibit 1.**

3.  Mayhood was served with a Summons, a copy of the Complaint, and an Initial Order and Addendum on June 19, 2008, true and correct copies of which are attached as **Exhibit 2.**

4.  This Notice of Removal is filed within thirty (30) days of receipt through service of the Complaint by both Madrigal and Mayhood and, thus, removal of this action is timely under 28 U.S.C. § 1446(b).

5.  Each of the Plaintiffs in this case, as purchasers, entered into a Purchase Agreement with Madrigal, as seller, for the sale of a condominium unit in the Madrigal Lofts Condominium located in the District of Columbia. (Complaint, ¶¶ 5, 7).

6.  Mayhood is the sales agent for Madrigal in regards to the Madrigal Lofts Condominium. (Complaint, ¶ 6).

7.      Count I of Plaintiffs' Complaint, which is the only count against Mayhood, alleges a violation of the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. §§ 1701 *et seq.*, against both Madrigal and Mayhood in regards to the sale of the condominium units to the respective Plaintiffs.  (Complaint, ¶¶ 11-26).

8.      Count II of Plaintiffs' Complaint alleges a violation of the District of Columbia Condominium Act against Madrigal for its alleged failure to provide Plaintiffs with amended Public Offering Statements in regards to the sale of the condominium units to the respective Plaintiffs.  (Complaint, ¶¶ 27-33).

9.      Count III of Plaintiffs' Complaint for breach of contract alleges that Madrigal breached the respective Purchase Agreements entered into with Plaintiffs by failing to return the Plaintiffs' earnest money deposits upon demand after it allegedly failed to deliver the condominium units within 24 months of executing the Purchase Agreements.  (Complaint, ¶¶ 34-37).

10.      This Court has original jurisdiction over Count I (the ILSA claim) pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, and supplemental jurisdiction over Counts II (the D.C. Condo Act claim) and III (the breach of contract claim) pursuant to 28 U.S.C. § 1367(a).  Accordingly, removal of the entire case is appropriate under 28 U.S.C. § 1441(c).

11.      Copies of all process, pleadings, and orders served upon Madrigal and Mayhood are attached hereto as **Exhibits 1 and 2**.  *See* 28 U.S.C. § 1446(a).

Respectfully submitted this 7th day of July, 2008:

Constantinos G. Panagopoulos #430932
Charles W. Chotvacs #484155
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C.  20005-3807
Telephone: (202) 661-2200
Facsimile: (202) 661-2299
cgp@ballardspahr.com
chotvacsc@ballardspahr.com
*Counsel for Defendant*
*Madrigal Condominiums, LLC*

Gary C. Adler #416640
ROETZEL & ANDRESS, LPA
1300 Eye Street, N.W.
Suite 400 East
Washington, D.C.  20005
Telephone: (202) 625-0600
Facsimile: (202) 338-6340
gadler@ralaw.com
*Counsel for Defendant*
*The Mayhood Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Notice of Removal was mailed, First-Class postage prepaid, this 7th day of July, 2008, to the following counsel for Plaintiffs:

> Arthur G. Kahn
> BRINCEFIELD, HARTNETT & KAHN, P.C.
> 526 King Street
> Suite 423
> Alexandria, VA  22314-3144
> E-mail: agkahn@brincefield.com
> *Counsel for Plaintiffs*

Charles W. Chotvacs

*Dipka Bhambhani, et al. v. Madrigal Condominiums, LLC*

— Defendants' Notice of Removal —

# <u>EXHIBIT 1</u>

Process, Pleadings, and Orders Served on
Madrigal Condominiums, LLC



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DIPKA BHAMBHANI
    Vs.
MADRIGAL CONDOMINIUMS, LLC

C.A. No.     2008 CA 004218 R(RP)

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge BRIAN F HOLEMAN
Date:  June 10, 2008
Initial Conference: 9:30 am, Friday, September 12, 2008
Location:  Courtroom A-49
         515 5th Street NW
         WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001   Telephone:   879-1133

| | |
|---|---|
| BHAMBHANI et al. | |
| *Plaintiff* | **0004218-08** |
| VS. | Civil  Action  No. [                    ] |
| MADRIGAL CONDOMINIUMS, LLC | |
| *Defendant* | |

## SUMMONS

To  the · above  named  Defendant:

Y o u  are  hereby  summoned  and  required  to  serve  an  Answer  to  the  attached  Complaint,  either  personally  or  through  an  attorney,  within  twenty  (20)  days  after  service  of  this  summons  upon  your  exclusive  of  the  day  of  service.  If  you  are  being  sued  as  an  officer  or  agency  of  the  United  States  Government  or  the  District  of  Columbia  Government  you  have  60  days  after  service  of  this  summons  to  serve  your  Answer.  A  copy  of  the  Answer  must  be  mailed  to  the  attorney  for  the  party  plaintiff  who  is  suing  you. The  attorney's  name  and  address  appear  **below.**    If  plaintiff  has  no  attorney,  a  copy  of  the  Answer  must  be  mailed  to  the  plaintiff  at  the  address  stated  on  this  Summons.

Y o u  are  also  required  to  file  the  original  Answer  with  the  Court  in  Room  JM  170  at  500  Indiana  Avenue.  N.W.  between  9:00  am.  and  4:00  pm.,  Mondays  through  Fridays  or  between  9:00  am.  and  12:00  Noon  on  Saturdays.  You  may  file  the  original  Answer  with  the  Court  either  before  you  serve  a  copy  of  the  Answer  on  the  plaintiff  or  within  five  (5)  days  after  you  have  served  the  plaintiff  If  you  fail  to  file  an  Answer,  judgment  by  default  may  be  entered  against  you  for  the  relief  demanded  in  the  complaint.

*Clerk of the Court*

| | |
|---|---|
| Arthur G. Kahn | |
| Name of Plaintiff's Attorney | By   *C. Kelley* |
| 526 King Street, Suite 423 | Deputy Clerk |
| Address | |
| Alexandria, Virginia 22314-3144 | Date  06/10/08 |
| 703-836-2880 | |
| Telephone | |

PUEDE  OBTENERSE  COPIAS  DE  ESTE FORMULARIO  EN  ESPANOL  EN  EL  TRIBUNAL  SUPERIOR  DEL DISTRITO  DE  COLUMBIA,  500  INDIANA  AVENUE,  N.W.,  SALA  JM  170

YOU  MAY  OBTAIN  A  COPY  OF  THIS  FORM  IN  SPANISH  AT  THE  SUPERIOR  COURT  OF  D.C.,  500  INDIANA AVENUE,  N.W.,  ROOM  JM  170

Form CV(6)-456/Mar. 93     **NOTE:   SEE  IMPORTANT  INFORMATION  ON  BACK  OF  THIS  FORM.**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
(Civil Division)

DIPKA BHAMBHANI                                  )
1901 16th Street, NW                             )
Washington, DC 20009                             )
                                                 )
CRAIG HEILMAN                                    )
1616 Ricky Road                                  )
Charlottesville, Virginia 22901                  )
                                                 )
WIAS ISSA                                        )
4800 Colonnade Court                             )        Civil Action No. 0004218-08
Prince William, Virginia 22192                   )
                                                 )
TUOC H. NGUYEN                                   )
11000 Bacon Race Road                            )
Prince William, Virginia 22192                   )
                                                 )
JA EON PAK                                       )
513 W. Broad Street, #601                        )
Falls Church, VA 22046                           )
                                                 )
INSOOK YOO                                       )
8901 Inverleigh Court                            )
Potomac, Maryland 20854                          )
                                                 )
      Plaintiffs,                                )
                                                 )
v.                                               )
                                                 )
MADRIGAL CONDOMINIUMS, LLC                       )
1001 G. Street, NW                               )
Suite 700 W                                      )
Washington, D.C. 20001                           )
                                                 )
[SERVE:  CT Corporation System, R/A             )
             1015 15th Street, NW                )
             Suite 1000                          )
             Washington, DC 20005     ]          )
                                                 )
THE MAYHOOD COMPANY                              )
1521 Westbranch Drive, Suite 600                 )
McLean, Virginia 22102                           )
703-448-0400                                     )

RECEIVED
Civil Clerk's Office

JUN 1 0 2008

Superior Court of the
District of Columbia
Washington, D.C.

[SERVE:  David Mayhood, R/A                )
              1520 Beverly Road, Ste 200      )
              McLean, Virginia 22101  ]         )
                                                              )
        Defendants.                                    )
                                                              )

---

## COMPLAINT
### ACTION INVOLVING REAL PROPERTY

The Plaintiffs, by undersigned counsel, for their Complaint against Madrigal Condominiums, LLC ("Seller") and The Mayhood Company ("Mayhood") (collectively referred to as the "Defendants"), state as follows:

1.    Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

2.    Plaintiff Bhambhani is a resident of the District of Columbia.

3.    Plaintiffs Heilman, Issa, Nguyen, and Pak are residents of the Commonwealth of Virginia.

4.    Plaintiff Yoo is a resident of Maryland.

5.    Seller is a Delaware limited liability company, engaged in the business of real estate development, including, but not limited to, the sale and lease of condominium units in the condominium known as Madrigal Lofts Condominium ("Condominium"), located in the District of Columbia.

6.    Mayhood is a Maryland corporation engaged in the business of condominium marketing and sales, including, but not limited to, the marketing and sale of condominium units in the Condominium.

7.    Each Plaintiff entered into a written Purchase Agreement ("Agreement"), for the sale and purchase of a residential condominium unit ("Unit") in the Condominium. The preprinted terms of each Agreement that are material to this action are the same. Attached

2

hereto as Exhibit 1 is a chart showing the name of each plaintiff purchaser in each Agreement, the date the Agreement was signed by the respective Plaintiff, the Unit which is the subject of the Agreement, and the amount of each Plaintiff's earnest money deposit and options deposit ("deposit") paid to Seller under the Agreement.

8.    The Plaintiffs' actions rise out of a series of transactions and involve common questions of law and fact.

9.    The Condominium contains at least 259 residential units.

10.    At the time each Plaintiff signed the Agreement, a certificate of occupancy had not been issued for the Units.

**COUNT I:**
**VIOLATION OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT**
(AGAINST BOTH DEFENDANTS)

11.    The foregoing allegations are repeated and incorporated herein by reference.

12.    This claim is brought pursuant to 15 USC §1709 of the Interstate Land Sales Full Disclosure Act ("The Act") (15 U.S.C. §§ 1701 *et seq.*)

13.    Seller is the 'developer' of the Condominium, as the term 'developer' is defined in 15 U.S.C. §1701(5) of the Act.

14.    Mayhood is an 'agent' of the developer of the Condominium, as the term 'agent' is defined in 15 U.S.C. § 1701(6) of the Act.

15.    Seller and Mayhood offered for sale, as the term 'offer' is defined in 15 U.S.C §1701(11) of the Act, at least 259 residential condominium units, including the Units, in the Condominium, through the use of means or instruments of transportation or communication in the 'interstate commerce,' as that term is defined in 15 USC §1701(4) of the Act.

16.    The Condominium is part of a 'subdivision' as that term is defined in 15 U.S.C. §1701(3) of the Act.

3

17.    The Condominium was offered for sale as part of a 'common promotional plan' as that term is defined in 15 USC §1701(4) of the Act.

18.    Defendants have not registered the Condominium with the Interstate Land Sales Registration Division of the United States Department of Housing and Urban Development ("HUD").

19.    Defendants did not provide any of the Plaintiffs with a 'Property Report' as that term is defined in § 1707 of the Act.

20.    Defendants have represented that certain recreational amenities will be provided or completed by Seller. The Agreements do not so provide.

21.    The Agreements fail to state that the Agreements may be revoked at the option of the Plaintiffs until midnight of the seventh day following the signing of the Agreements or until such later time as may be required pursuant to District of Columbia law.

22.    The Agreements fail to state that Plaintiffs have the right to revoke the Agreements within two years of signing it, if Plaintiffs have not been given the aforesaid Property Report in advance of signing the Agreements.

23.    The Agreements fails to state that, in the event of a default in the performance of or breach of contract by the Plaintiffs, Seller will provide Plaintiffs with written notice of such default or breach, and of the opportunity to remedy such breach or default within twenty (20) days after the date of the receipt of such notice.

24.    The Agreements fails to state that, if the Plaintiffs default in the performance of or breach the Agreements after the Plaintiffs have paid 15% of the purchase price of the

Unit, excluding interest owed under the Agreements, the Seller may not retain more than the greater of 15% of the purchase price or the amount of Seller's actual damages.

25.    By letters to Seller, the Plaintiffs notified Seller of their revocation of their Agreements, demanded the return of their deposits, and tendered an assignment of all of their rights and interests in the Units to Seller.

26.    Seller has failed and refused to refund to Plaintiffs their Deposits.

WHEREFORE, pursuant to 15 U.S.C. § 1709, Plaintiffs asks that judgment be entered against Defendants in the amounts of Plaintiffs' deposits shown on Exhibit 1, with prejudgment interest, court costs, reasonable attorneys' fees; and Plaintiffs ask that the Court award them such other and further relief as the Court deems just and proper.

## COUNT II:
## VIOLATION OF THE DISTRICT OF COLUMBIA CONDOMINUM ACT
### (AGAINST DEFENDANT MADRIGAL CONDOMINIUMS, LLC)

27.    The foregoing allegations are repeated and incorporated herein by reference.

28.    Seller provided each Plaintiff with a Public Offering Statement ("POS"). The preprinted terms of each POS that are material to this action are the same. Section IV.E. of the POS states in pertinent part, "[t]he Declarant knows of no other restraints [than those set forth in §§402(a) and 402(b) D.C. Condominium Act] which would preclude the free transferability of legal title to the units pursuant to the terms of a binding purchase agreement."

29.    Each Plaintiff signed a Leasing and Resale Addendum ("Addendum") which contained restrictions on their right to resell the Unit, including a requirement that Buyer pay to Seller all proceeds from the sale or rental of the Unit, if it occurs within 12 months after the date of settlement. The preprinted terms of each Addendum that are material to this action are the same.

30.    The intent and effect of the Addendum is to deter and restrain a unit owner from renting or selling the condominium unit.  The Addendum states in pertinent part, "*It is the intent of Seller that these provisions are to limit the sale of units to investors* and not eliminate the flexibility of a purchaser that, in good faith, acquires a unit as his/her primary year-round residence." (Italics added.)

31.    Seller failed to deliver to Plaintiffs a current POS, disclosing the fact that their right to resell the Unit is subject to the restrictions in the Addendum to the Agreement.

32.    The resale and rental restrictions in the Addendum materially change the import of the POS and should therefore be disclosed in an Amended POS delivered to all contract purchasers of units in the Condominium.

33.    The POS is also not current because it does not disclose the fact that Plaintiffs have the right under ILSA to revoke the Agreements within 2 years after signing it or file suit for damages within 3 years after signing it.

WHEREFORE, Plaintiffs asks that judgment be entered against Seller in the amounts of Plaintiffs' deposits shown on Exhibit 1, with prejudgment interest, court costs, reasonable attorneys' fees; and Plaintiffs ask that the Court award them such other and further relief as the Court deems just and proper.

## COUNT III:
## BREACH OF CONTRACT
(AGAINST DEFENDANT MADRIGAL CONDOMINIUMS, LLC)

34.    The foregoing allegations are repeated and incorporated herein by reference.

35.    Seller has failed to deliver the Units to Plaintiffs within 24 months of the execution of the Agreements, in breach of the Agreements.

36.    Plaintiffs terminated the Agreements by written notice to Seller and demanded the return of their deposits.

37.    Seller has failed and refused to return Plaintiffs' deposits.

WHEREFORE, Plaintiffs ask that judgment be entered against Seller in the amounts of Plaintiffs' deposits shown on Exhibit 1, with prejudgment interest, court costs, reasonable attorneys' fees; and Plaintiffs ask that the Court award them such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRINCEFIELD, HARTNETT & KAHN, P.C.

By: _____
    Arthur G. Kahn, # 914192
    526 King Street, Suite 423
    Alexandria, Virginia 22314-3144
    Phone No.: (703) 836-2880
    Fax No.: (703) 549-1924
    agkahn@brincefield.com

7

## Madrigal Condominium Plaintiffs

| Purchaser | Date Purchaser Signed Contract | Unit # | Contract Price | Deposit |
|---|---|---|---|---|
| Dipka Bhambhani | 7/16/2005 | #1106 | $417,900.00 | $23,300.00 |
| Craig Heilman | 6/14/2005 | #414 | $387,900.00 | $19,400.00 |
| Wias Issa | 6/11/2005 | #1111 | $857,900.00 | $42,895.00 |
| Tuoc H. Nguyen | 6/14/2005 | #1017 | $626,900.00 | $31,345.00 |
| Ja Eon Pak | 9/10/2005 | #704 | $563,700.00 | $29,750.00 |
| Insook Yoo | 10/4/2005 | #615 | $421,400.00 | $24,495.00 |
| | | | Total | $171,185.00 |

D.C. Superior Cour
08 Jun 11 P06:24
Clerk of Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
(Civil Division)

DIPKA BHAMBHANI et al.                    )
                                          )
        Plaintiffs,                       )
                                          )        Civil Action No. 08CA004218
v.                                        )        Judge Brian H. Holeman
                                          )        Calendar # 6
MADRIGAL CONDOMINIUMS, LLC, et al.        )        Next Event: Initial Conference
                                          )                    September 12, 2008
        Defendants.                       )
_____)

## AMENDMENT TO COMPLAINT
ACTION INVOLVING REAL PROPERTY

Pursuant to Rule 15(a) of the Superior Court Rules of Civil Procedure, Plaintiffs

hereby amend their Complaint against Madrigal Condominiums, LLC ("Seller") and The

Mayhood Company ("Mayhood") (collectively referred to as the "Defendants"), by

substituting the following Exhibit for Exhibit 1 of the Complaint.

Respectfully submitted,

BRINCEFIELD, HARTNETT & KAHN, P.C

By: _____/s/_____
        Arthur G Kahn, # 914192
        526 King Street, Suite 423
        Alexandria, Virginia 22314-3144
        Phone No : (703) 836-2880
        Fax No.: (703) 549-1924
        agkahn@brincefield.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 11th day of June, 2008, that there is no opposing counsel of
record at this time

## Madrigal Condominium Plaintiffs

| Purchaser | Date Purchaser Signed Contract | Unit # | Contract Price | Deposit |
|---|---|---|---|---|
| Dipka Bhambhani | 7/16/2005 | #1106 | $417,900.00 | $23,300.00 |
| Craig Heilman | 6/14/2005 | #414 | $387,900.00 | $19,400.00 |
| Wias Issa | 6/11/2005 | #1111 | $857,900.00 | $42,895.00 |
| Tuoc H. Nguyen | 6/14/2005 | #1017 | $626,900.00 | $31,345.00 |
| Ja Eon Pak | 9/10/2005 | #704 | $563,700.00 | $29,750.00 |
| Insook Yoo | 10/4/2005 | #615 | $421,400.00 | $21,000.00 |
|  |  |  | Total | $167,690.00 |



*Dipka Bhambhani, et al. v. Madrigal Condominiums, LLC*

— Defendants' Notice of Removal —

# EXHIBIT 2

Process, Pleadings, and Orders Served on
The Mayhood Company

DMEAST #10073462 v1



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

DIPKA BHAMBHANI
    Vs.
MADRIGAL CONDOMINIUMS, LLC

C.A. No.    2008 CA 004218 R(RP)

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge BRIAN F HOLEMAN
Date:  June 10, 2008
Initial Conference: 9:30 am, Friday, September 12, 2008
Location:  Courtroom A-49
        515 5th Street NW
        WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

BHAMBHANI et al.

*Plaintiff*

vs.                                                      Civil Action No. _____

0004218-08

THE MAYHOOD COMPANY

*Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Arthur G. Kahn
Name of Plaintiff's Attorney

526 King Street, Suite 423
Address

Alexandria, Virginia 22314-3144

703-836-2880
Telephone

By _____
Deputy Clerk

Date 06/10/08

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
(Civil Division)

DIPKA BHAMBHANI )
1901 16th Street, NW )
Washington, DC 20009 )
)
CRAIG HEILMAN )
1616 Ricky Road )
Charlottesville, Virginia 22901 )
)
WIAS ISSA )
4800 Colonnade Court )          Civil Action No.
Prince William, Virginia 22192 )
)
TUOC H. NGUYEN )
11000 Bacon Race Road )
Prince William, Virginia 22192 )
)
JA EON PAK )
513 W. Broad Street, #601 )
Falls Church, VA 22046 )
)
INSOOK YOO )
8901 Inverleigh Court )
Potomac, Maryland 20854 )
)
        Plaintiffs, )
)
v. )
)
MADRIGAL CONDOMINIUMS, LLC )
1001 G. Street, NW )
Suite 700 W )
Washington, D.C. 20001 )
)
[SERVE: CT Corporation System, R/A )
        1015 15th Street, NW )
        Suite 1000 )
        Washington, DC 20005 ] )
)
THE MAYHOOD COMPANY )
1521 Westbranch Drive, Suite 600 )
McLean, Virginia 22102 )
703-448-0400 )

RECEIVED
Civil Clerk's Office

JUN 10 2008

Superior Court of the
District of Columbia
Washington, D.C.

0004218-08

```
[SERVE:  David Mayhood, R/A              )
         1520 Beverly Road, Ste 200      )
         McLean, Virginia 22101  ]       )
                                         )
         Defendants.                     )
                                         )
```

## COMPLAINT
ACTION INVOLVING REAL PROPERTY

The Plaintiffs, by undersigned counsel, for their Complaint against Madrigal Condominiums, LLC ("Seller") and The Mayhood Company ("Mayhood") (collectively referred to as the "Defendants"), state as follows:

1.    Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

2.    Plaintiff Bhambhani is a resident of the District of Columbia.

3.    Plaintiffs Heilman, Issa, Nguyen, and Pak are residents of the Commonwealth of Virginia.

4.    Plaintiff Yoo is a resident of Maryland.

5.    Seller is a Delaware limited liability company, engaged in the business of real estate development, including, but not limited to, the sale and lease of condominium units in the condominium known as Madrigal Lofts Condominium ("Condominium"), located in the District of Columbia.

6.    Mayhood is a Maryland corporation engaged in the business of condominium marketing and sales, including, but not limited to, the marketing and sale of condominium units in the Condominium.

7.    Each Plaintiff entered into a written Purchase Agreement ("Agreement"), for the sale and purchase of a residential condominium unit ("Unit") in the Condominium. The preprinted terms of each Agreement that are material to this action are the same. Attached

2

hereto as Exhibit 1 is a chart showing the name of each plaintiff purchaser in each Agreement, the date the Agreement was signed by the respective Plaintiff, the Unit which is the subject of the Agreement, and the amount of each Plaintiff's earnest money deposit and options deposit ("deposit") paid to Seller under the Agreement.

8.    The Plaintiffs' actions rise out of a series of transactions and involve common questions of law and fact.

9.    The Condominium contains at least 259 residential units.

10.    At the time each Plaintiff signed the Agreement, a certificate of occupancy had not been issued for the Units.

**COUNT I:**
**VIOLATION OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT**
(AGAINST BOTH DEFENDANTS)

11.    The foregoing allegations are repeated and incorporated herein by reference.

12.    This claim is brought pursuant to 15 USC §1709 of the Interstate Land Sales Full Disclosure Act ("The Act") (15 U.S.C. §§ 1701 *et seq.*)

13.    Seller is the 'developer' of the Condominium, as the term 'developer' is defined in 15 U.S.C. §1701(5) of the Act.

14.    Mayhood is an 'agent' of the developer of the Condominium, as the term 'agent' is defined in 15 U.S.C. § 1701(6) of the Act.

15.    Seller and Mayhood offered for sale, as the term 'offer' is defined in 15 U.S.C §1701(11) of the Act, at least 259 residential condominium units, including the Units, in the Condominium, through the use of means or instruments of transportation or communication in the 'interstate commerce,' as that term is defined in 15 USC §1701(4) of the Act.

16.    The Condominium is part of a 'subdivision' as that term is defined in 15 U.S.C. §1701(3) of the Act.

3

17.    The Condominium was offered for sale as part of a 'common promotional plan' as that term is defined in 15 USC §1701(4) of the Act.

18.    Defendants have not registered the Condominium with the Interstate Land Sales Registration Division of the United States Department of Housing and Urban Development ("HUD").

19.    Defendants did not provide any of the Plaintiffs with a 'Property Report' as that term is defined in § 1707 of the Act.

20.    Defendants have represented that certain recreational amenities will be provided or completed by Seller. The Agreements do not so provide.

21.    The Agreements fail to state that the Agreements may be revoked at the option of the Plaintiffs until midnight of the seventh day following the signing of the Agreements or until such later time as may be required pursuant to District of Columbia law.

22.    The Agreements fail to state that Plaintiffs have the right to revoke the Agreements within two years of signing it, if Plaintiffs have not been given the aforesaid Property Report in advance of signing the Agreements.

23.    The Agreements fails to state that, in the event of a default in the performance of or breach of contract by the Plaintiffs, Seller will provide Plaintiffs with written notice of such default or breach, and of the opportunity to remedy such breach or default within twenty (20) days after the date of the receipt of such notice.

24.    The Agreements fails to state that, if the Plaintiffs default in the performance of or breach the Agreements after the Plaintiffs have paid 15% of the purchase price of the

4

Unit, excluding interest owed under the Agreements, the Seller may not retain more than the greater of 15% of the purchase price or the amount of Seller's actual damages.

25.    By letters to Seller, the Plaintiffs notified Seller of their revocation of their Agreements, demanded the return of their deposits, and tendered an assignment of all of their rights and interests in the Units to Seller.

26.    Seller has failed and refused to refund to Plaintiffs their Deposits.

WHEREFORE, pursuant to 15 U.S.C. § 1709, Plaintiffs asks that judgment be entered against Defendants in the amounts of Plaintiffs' deposits shown on Exhibit 1, with prejudgment interest, court costs, reasonable attorneys' fees; and Plaintiffs ask that the Court award them such other and further relief as the Court deems just and proper.

**COUNT II:**
**VIOLATION OF THE DISTRICT OF COLUMBIA CONDOMINUM ACT**
(AGAINST DEFENDANT MADRIGAL CONDOMINIUMS, LLC)

27.    The foregoing allegations are repeated and incorporated herein by reference.

28.    Seller provided each Plaintiff with a Public Offering Statement ("POS"). The preprinted terms of each POS that are material to this action are the same. Section IV.E. of the POS states in pertinent part, "[t]he Declarant knows of no other restraints [than those set forth in §§402(a) and 402(b) D.C. Condominium Act] which would preclude the free transferability of legal title to the units pursuant to the terms of a binding purchase agreement."

29.    Each Plaintiff signed a Leasing and Resale Addendum ("Addendum") which contained restrictions on their right to resell the Unit, including a requirement that Buyer pay to Seller all proceeds from the sale or rental of the Unit, if it occurs within 12 months after the date of settlement. The preprinted terms of each Addendum that are material to this action are the same.

5

30.    The intent and effect of the Addendum is to deter and restrain a unit owner from renting or selling the condominium unit. The Addendum states in pertinent part, "*It is the intent of Seller that these provisions are to limit the sale of units to investors* and not eliminate the flexibility of a purchaser that, in good faith, acquires a unit as his/her primary year-round residence." (Italics added.)

31.    Seller failed to deliver to Plaintiffs a current POS, disclosing the fact that their right to resell the Unit is subject to the restrictions in the Addendum to the Agreement.

32.    The resale and rental restrictions in the Addendum materially change the import of the POS and should therefore be disclosed in an Amended POS delivered to all contract purchasers of units in the Condominium.

33.    The POS is also not current because it does not disclose the fact that Plaintiffs have the right under ILSA to revoke the Agreements within 2 years after signing it or file suit for damages within 3 years after signing it.

WHEREFORE, Plaintiffs asks that judgment be entered against Seller in the amounts of Plaintiffs' deposits shown on Exhibit 1, with prejudgment interest, court costs, reasonable attorneys' fees; and Plaintiffs ask that the Court award them such other and further relief as the Court deems just and proper.

## COUNT III:
## BREACH OF CONTRACT
(AGAINST DEFENDANT MADRIGAL CONDOMINIUMS, LLC)

34.    The foregoing allegations are repeated and incorporated herein by reference.

6

35.    Seller has failed to deliver the Units to Plaintiffs within 24 months of the execution of the Agreements, in breach of the Agreements.

36.    Plaintiffs terminated the Agreements by written notice to Seller and demanded the return of their deposits.

37.    Seller has failed and refused to return Plaintiffs' deposits.

WHEREFORE, Plaintiffs ask that judgment be entered against Seller in the amounts of Plaintiffs' deposits shown on Exhibit 1, with prejudgment interest, court costs, reasonable attorneys' fees; and Plaintiffs ask that the Court award them such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRINCEFIELD, HARTNETT & KAHN, P.C.

By: _____
      Arthur G. Kahn, # 914192
      526 King Street, Suite 423
      Alexandria, Virginia 22314-3144
      Phone No.: (703) 836-2880
      Fax No.: (703) 549-1924
      agkahn@brincefield.com

7

## Madrigal Condominium Plaintiffs

| Purchaser | Date Purchaser Signed Contract | Unit # | Contract Price | Deposit |
|---|---|---|---|---|
| Dipka Bhambhani | 7/16/2005 | #1106 | $417,900.00 | $23,300.00 |
| Craig Heilman | 6/14/2005 | #414 | $387,900.00 | $19,400.00 |
| Wias Issa | 6/11/2005 | #1111 | $857,900.00 | $42,895.00 |
| Tuoc H. Nguyen | 6/14/2005 | #1017 | $626,900.00 | $31,345.00 |
| Ja Eon Pak | 9/10/2005 | #704 | $563,700.00 | $29,750.00 |
| Insook Yoo | 10/4/2005 | #615 | $421,400.00 | $24,495.00 |
| | | | Total | $171,185.00 |

D.C. Superior Cour
08 Jun 11 P06:24
Clerk of Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
(Civil Division)

DIPKA BHAMBHANI et al.         )
                               )
    Plaintiffs,             )
                               )    Civil Action No. 08CA004218
v.                           )    Judge Brian H. Holeman
                               )    Calendar # 6
MADRIGAL CONDOMINIUMS, LLC, et al. )    Next Event: Initial Conference
                               )                   September 12, 2008
    Defendants.           )
                               )

## AMENDMENT TO COMPLAINT
ACTION INVOLVING REAL PROPERTY

Pursuant to Rule 15(a) of the Superior Court Rules of Civil Procedure, Plaintiffs

hereby amend their Complaint against Madrigal Condominiums, LLC ("Seller") and The

Mayhood Company ("Mayhood") (collectively referred to as the "Defendants"), by

substituting the following Exhibit for Exhibit 1 of the Complaint.

Respectfully submitted,

BRINCEFIELD, HARTNETT & KAHN, P.C

By: _____/s/_____
    Arthur G Kahn, # 914192
    526 King Street, Suite 423
    Alexandria, Virginia 22314-3144
    Phone No : (703) 836-2880
    Fax No.: (703) 549-1924
    agkahn@brincefield.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 11th day of June, 2008, that there is no opposing counsel of
record at this time

## Madrigal Condominium Plaintiffs

| Purchaser | Date Purchaser Signed Contract | Unit # | Contract Price | Deposit |
|---|---|---|---|---|
| Dipka Bhambhani | 7/16/2005 | #1106 | $417,900.00 | $23,300.00 |
| Craig Heilman | 6/14/2005 | #414 | $387,900.00 | $19,400.00 |
| Wias Issa | 6/11/2005 | #1111 | $857,900.00 | $42,895.00 |
| Tuoc H. Nguyen | 6/14/2005 | #1017 | $626,900.00 | $31,345.00 |
| Ja Eon Pak | 9/10/2005 | #704 | $563,700.00 | $29,750.00 |
| Insook Yoo | 10/4/2005 | #615 | $421,400.00 | $21,000.00 |
| | | | Total | $167,690.00 |



# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Dipka Bhambhani, et al. | Madrigal Condominiums, LLC, et al. |

|  |  |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   11001<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Arthur G. Kahn<br>Brincefield, Hartnett & Kahn, P.C.<br>526 King Street, Suite 423<br>Alexandria, VA  22314-3144<br>Telephone: (703) 549-1924 | Charles W. Chotvacs<br>Ballard Spahr Andrews & Ingersoll, LLP<br>601 13th Street, N.W., Suite 1000 South<br>Washington, D.C.  20005-3807<br>Telephone: (202) 661-2221 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ⊙ E. General Civil (Other) | OR | ○ F. Pro Se General Civil |
|---|---|---|

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC  7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding  ◉ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1331, 1367, & 1441 – Removal based on federal Interstate Land Sales Full Disclosure Act and supplemental jurisdiction over state claims

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ $167,690.00 +  Check YES only if demanded in complaint  JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒  If yes, please complete related case form.

DATE 07/07/08   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_DIPKA SHAMBHANI, ET AL_
Plaintiff

v.

Civil Action No. **08 1175**

_MADRIGAL CONDOMINIUMS, ET AL_
Defendant

JUL 0 7 2008

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **BATES, J. JDB** . All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action.  (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice.  To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a).  Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer.  This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____
Deputy Clerk

cc: ARTHUR KAHN

929A
Rev. 7/02