IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DIPKA BHAMBHANI, et al.

               Plaintiffs,

v.

MADRIGAL CONDOMINIUMS, LLC and
THE MAYHOOD COMPANY

               Defendants.

Civil Action No.: 1:08-cv-01175

## DEFENDANT THE MAYHOOD COMPANY'S ANSWER

Defendant The Mayhood Company ("Mayhood"), by and through counsel, hereby answers the Complaint, as amended, filed by Plaintiffs Dipka Bhambhani, Craig Heilman, Wias Issa, Tuoc H. Nguyen, Ja Eon Pak, and Insook Yoo (collectively "Plaintiffs") as follows:

### FIRST DEFENSE

The Complaint against Mayhood fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

As to the numbered paragraphs of the Complaint, Mayhood responds as follows:

1.      Paragraph 1 sets forth a legal conclusion to which no response is required.

2.      Mayhood is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 2.

3.      Mayhood is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4.      Mayhood is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 4.

5.      Mayhood admits the allegations in paragraph 5 except that it is without knowledge or information sufficient to form a belief as to whether Madrigal Condominiums, LLC ("Seller") is a Delaware limited liability company.

6.      Admitted.

7.      In response to the allegations set forth in paragraph 7, Mayhood states that the Purchase Agreements best speak for themselves.

8.      Paragraph 8 sets forth a legal conclusion to which no response is required.

9.      Admitted.

10.     Admitted.

11.     Mayhood incorporates, as if set forth herein, all of the foregoing responses.

12.     Paragraph 12 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Mayhood admits the allegation.

13.     Paragraph 13 sets forth a legal conclusion to which no response is required.  To the extent such response is required, Mayhood denies the allegation.

14.     Paragraph 14 sets forth a legal conclusion to which no response is required.  To the extent such response is required, Mayhood denies the allegation.

15.     Paragraph 15 sets forth a legal conclusion to which no response is required.  To the extent such response is required, Mayhood denies the allegation.

16.     Paragraph 16 sets forth a legal conclusion to which no response is required.  To the extent such response is required, Mayhood denies the allegation.

17.     Paragraph 17 sets forth a legal conclusion to which no response is required.  To the extent such response is required, Mayhood denies the allegation.

18.    Paragraph 18 sets forth a legal conclusion to which no response is required.  To the extent such response is required, Mayhood denies the allegation.

19.    Paragraph 19 sets forth a legal conclusion to which no response is required.  To the extent such response is required, Mayhood denies the allegation.

20.    Mayhood denies the allegation set forth in the first sentence of paragraph 20.  As to the second sentence of paragraph 20, Mayhood states that the Agreements best speak for themselves.

21.    As to the allegations set forth in paragraph 21, Mayhood states that the Agreements best speak for themselves.

22.    As to the allegations set forth in paragraph 22, Mayhood states that the Agreements best speak for themselves.

23.    As to the allegations set forth in paragraph 23, Mayhood states that the Agreements best speak for themselves.

24.    As to the allegations set forth in paragraph 24, Mayhood states that the Agreements best speak for themselves.

25.    As to the allegations set forth in paragraph 25, Mayhood states that the letters referenced best speak for themselves.

26.    Mayhood is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 26.

27.    Mayhood incorporates, as if set forth herein, all of the foregoing responses.

28.    The allegations set forth in paragraph 28 do not relate to any claim against Mayhood and therefore no response is required.  To the extent such a response is required, Mayhood states that the Public Offering Statement best speaks for itself.

29.    The allegations set forth in paragraph 29 do not relate to any claim against Mayhood and therefore no response is required.    To the extent such a response is required, Mayhood states that the Leasing and Resale Addendum best speaks for itself.

30.    The allegations set forth in paragraph 30 do not relate to any claim against Mayhood and therefore no response is required.    To the extent such a response is required, Mayhood states that the Leasing and Resale Addendum best speaks for itself.

31.    The allegation set forth in paragraph 31 does not relate to any claim against Mayhood and therefore no response is required.    To the extents such a response is required, Mayhood is without knowledge or information sufficient to form as belief as to the truth of the allegation.

32.    The allegation set forth in paragraph 32 does not relate to any claim against Mayhood and therefore no response is required.    To the extent such response is required, the allegation is a legal conclusion to which no response is required.

33.    The allegation set forth in paragraph 33 does not relate to any claim against Mayhood and therefore no response is required.    To the extent such response is required, the allegation is a legal conclusion to which no response is required.

34.    Mayhood incorporates, as if set forth herein, all of the foregoing responses.

35.    The allegation set forth in paragraph 33 does not relate to any claim against Mayhood and therefore no response is required.    To the extent such response is required, the allegation is a legal conclusion to which no response is required.

36.    The allegations set forth in paragraph 36 do not relate to any claim against Mayhood and therefore no response is required.    To the extent such a response is required,

4

Mayhood is without knowledge or information sufficient to form as belief as to the truth of the allegations.

37.    The allegation set forth in paragraph 37 does not relate to any claim against Mayhood and therefore no response is required.  To the extent such response is required, Mayhood is without knowledge or information sufficient to form a belief as to the truth of the allegation.

THIRD DEFENSE

Plaintiffs claims against Mayhood are barred under the Interstate Land Sales Full Disclosure Act ("ILSA").

FOURTH DEFENSE

Plaintiffs claims are barred by the doctrine of unclean hands.

FIFTH DEFENSE

Plaintiffs claims are barred by latches.

SIXTH DEFENSE

Plaintiffs claims are barred by the applicable statute of limitations.

SEVENTH DEFENSE

Plaintiffs claims are barred by the doctrine of estoppel.

EIGHTH DEFENSE

Mayhood hereby incorporates any defense to Count I raised by Madrigal.

Wherefore, Mayhood respectfully request that this Court enter an Order dismissing the

Complaint against it and awarding Mayhood such other relief as the Court deems proper and just.

Dated: July 31, 2008

Respectfully submitted,

Gary C. Adler, Esquire
ROETZEL & ANDRESS, LPA
1300 Eye Street, NW
Suite 400 East
Washington, DC 20005
(202) 625-0600 (Office)
(202) 338-0340 (Facsimile)
*Counsel for Defendant*
*The Mayhood Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2008, The Mayhood Company's Answer to

Plaintiffs' Complaint was electronically filed with the Clerk of the Court via the CM/ECF

system, which shall send a notice of electronic filing to the following counsel of record:

Charles W. Chotvacs # 484155
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005-3807
E-mail: chotvacsc@ballardspahr.com
*Counsel for Defendant*
*Madrigal Condominiums, LLC*

6

I further certify that a true and correct copy of the foregoing Answer was mailed, First-Class

postage prepaid, this 31st day of July, 2008, to the following counsel for Plaintiffs:

> Arthur G. Kahn
> BRINCEFIELD, HARTNETT & KAHN, P.C.
> 526 King Street
> Suite 423
> Alexandria, VA 22314-3144
> E-mail: agkahn@brincefield.com
> *Counsel for Plaintiffs*
> *Dipka Bhambhani, Craig Heilman,*
> *Wias Issa, Tuoc H. Nguyen,*
> *Ja Eon Pak, and Insook Yoo*

Gary C. Adler

9790 v_01 \ 999999.1000