IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIPKA BHAMBHANI, ET AL., ) <br> ) <br>     *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> MADRIGAL CONDOMINIUMS, LLC, ET AL., ) <br> ) <br>     *Defendants*. ) | Case No.: 1:08-CV-01175 (JDB) |

**MADRIGAL CONDOMINIUMS, LLC'S**
**ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant Madrigal Condominiums, LLC ("Madrigal"), pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, responds to the complaint filed by Plaintiffs Dipka Bhambhani, Craig Heilman, Wias Issa, Tuoc H. Nguyen, Ja Eon Pak, and Insook Yoo (collectively, "Plaintiffs") as follows:

FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The Madrigal Lofts Condominium is exempt from the requirements of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. §§ 1701 *et seq.*, pursuant to Section 1702(a)(2) of ILSFDA.

THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, including the two-year limitations period set forth in Sections 1703(c) & (d) of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. §§ 1701 *et seq.*

### FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver and/or estoppel.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### SIXTH DEFENSE

Plaintiffs' claims are subject to an offset.

### SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because of Madrigal's excusable delay pursuant to Paragraph 10(b) of the Purchase Agreements.

### EIGHTH DEFENSE

Plaintiffs' claims are barred because they failed to comply with the terms and conditions of their respective Purchase Agreements.

### NINTH DEFENSE

Plaintiffs' claims are barred because of their material breach of their respective Purchase Agreements.

### TENTH DEFENSE

Pursuant to the terms of the Purchase Agreements, Madrigal had the contractual right to terminate the Purchase Agreements and retain the deposits based upon Plaintiffs' breaches.

In addition, Madrigal reserves the right to assert further affirmative defenses as they may develop during discovery.

//

//

//

ELEVENTH DEFENSE

Madrigal responds to the numbered paragraphs of the complaint as follows:

1. The allegations in paragraph 1 of the complaint state legal conclusions to which no answer is required. However, to the extent an answer is required, the allegations are denied.

2. Madrigal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint and, therefore, denies the allegations.

3. Madrigal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the complaint and, therefore, denies the allegations.

4. Madrigal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint and, therefore, denies the allegations.

5. Madrigal admits that it is a Delaware limited liability company, engaged in the sale of condominium units in the condominium know as Madrigal Lofts Condominium, which is located in the District of Columbia. Except to the extent admitted, Madrigal denies the allegations in paragraph 5 of the complaint.

6. Madrigal admits the allegations in paragraph 6 of the complaint.

7. Madrigal admits that Madrigal, as seller, and the six Plaintiffs, as purchasers, entered into agreements known as the Madrigal Lofts Condominium Condominium Unit Purchase Agreements (the "Purchase Agreements"), as amended, for the sale of condominium units at the Madrigal Lofts Condominium in the District of Columbia. The Purchase Agreements speak for themselves. To the extent the allegations in paragraph 7 of the complaint are inconsistent with the Purchase Agreements, the allegations are denied.

8. The allegations in paragraph 8 of the complaint state legal conclusions to which no answer is required. However, to the extent an answer is required, the allegations are denied.

9. Madrigal admits the allegations in paragraph 9 of the complaint.

10. Madrigal admits the allegations in paragraph 10 of the complaint.

## COUNT I:
## VIOLATION OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT
(AGAINST BOTH DEFENDANTS)

11. Madrigal restates and incorporates by reference its defenses and responses to paragraphs 1 through 10 of the complaint as if set forth fully herein.

12. The allegations in paragraph 12 of the complaint state legal conclusions to which no answer is required. However, to the extent an answer is required, the allegations are denied.

13. The allegations in paragraph 13 of the complaint state legal conclusions to which no answer is required. However, to the extent an answer is required, the allegations are denied.

14. The allegations in paragraph 14 of the complaint state legal conclusions to which no answer is required. However, to the extent an answer is required, the allegations are denied.

15. The allegations in paragraph 15 of the complaint state legal conclusions to which no answer is required. However, to the extent an answer is required, the allegations are denied.

16. The allegations in paragraph 16 of the complaint state legal conclusions to which no answer is required. However, to the extent an answer is required, the allegations are denied.

17. The allegations in paragraph 17 of the complaint state legal conclusions to which no answer is required. However, to the extent an answer is required, the allegations are denied.

18. Madrigal admits the allegations in paragraph 18 of the complaint.

19. Madrigal admits the allegations in paragraph 19 of the complaint.

20. Madrigal states that it is vague as to what Plaintiffs mean by "representations" and "recreational amenities" or when such representations were made as alleged in the first sentence in paragraph 20 of the complaint. As such, Madrigal lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 20 of the complaint and, therefore, denies the allegations. As to the second sentence in paragraph 20 of the complaint, the Purchase Agreements speak for themselves. To the extent the allegations in the second sentence of paragraph 20 of the complaint are inconsistent with the Purchase Agreements, the allegations are denied.

21. The Purchase Agreements speak for themselves. To the extent the allegations in paragraph 21 of the complaint are inconsistent with the Purchase Agreements, the allegations are denied.

22. The Purchase Agreements speak for themselves. To the extent the allegations in paragraph 22 of the complaint are inconsistent with the Purchase Agreements, the allegations are denied.

23. The Purchase Agreements speak for themselves. To the extent the allegations in paragraph 23 of the complaint are inconsistent with the Purchase Agreements, the allegations are denied.

24. The Purchase Agreements speak for themselves. To the extent the allegations in paragraph 24 of the complaint are inconsistent with the Purchase Agreements, the allegations are denied.

25. The Letters from Plaintiffs to Madrigal speak for themselves. To the extent the allegations in paragraph 25 of the complaint are inconsistent with the content of the Letters, the allegations are denied.

26. Madrigal admits that it refused to return Plaintiffs' deposits as alleged in paragraph 26 of the complaint.

//

Furthermore, Madrigal denies that Plaintiffs are entitled to the relief sought in their Wherefore Clause or to any relief whatsoever.

## COUNT II:
### VIOLATION OF THE DISTRICT OF COLUMBIA CONDOMINIUM ACT
(AGAINST DEFENDANT MADRIGAL CONDOMINIUMS, LLC)

27. Madrigal restates and incorporates by reference its defenses and responses to paragraphs 1 through 26 of the complaint as if set forth fully herein.

28. Madrigal admits that it provided each Plaintiff with a Public Offering Statement ("POS"). The POS speaks for itself. To the extent the allegations in paragraph 28 of the complaint are inconsistent with the POS, the allegations are denied.

29. Madrigal admits that each Plaintiff executed a Leasing and Resale Addendum (the "Addendum"), which were incorporated into the Purchase Agreements executed by the Plaintiffs. The Addendums speak for themselves. To the extent the allegations in paragraph 29 of the complaint are inconsistent with the Addendums, the allegations are denied.

30. The Addendums speak for themselves. To the extent the allegations in paragraph 30 of the complaint are inconsistent with the Addendums, the allegations are denied.

31. Madrigal denies the allegations in paragraph 31 of the complaint.

32. Madrigal denies the allegations in paragraph 32 of the complaint.

33. Madrigal denies the allegations in paragraph 33 of the complaint.

Furthermore, Madrigal denies that Plaintiffs are entitled to the relief sought in their Wherefore Clause or to any relief whatsoever.

//

//

//

## COUNT III:
## BREACH OF CONTRACT
(AGAINST DEFENDANT MADRIGAL CONDOMINUMS, LLC)

34.     Madrigal restates and incorporates by reference its defenses and responses to paragraphs 1 through 33 of the complaint as if set forth fully herein.

35.     Madrigal denies the allegations in paragraph 35 of the complaint.

36.     Madrigal denies that Plaintiffs terminated the Purchase Agreements by written notice to Madrigal as alleged in paragraph 36 of the complaint.  However, Madrigal admits that Plaintiffs demanded the return of their deposits.

37.     Madrigal admits that it refused to return Plaintiffs' deposits as alleged in paragraph 37 of the complaint.

Furthermore, Madrigal denies that Plaintiffs are entitled to the relief sought in their Wherefore Clause or to any relief whatsoever.

38.     Madrigal denies all allegations not specifically admitted.

WHEREFORE, Madrigal respectfully requests that Plaintiffs' complaint be dismissed with prejudice and that Madrigal be awarded it its costs associated with this litigation and such other relief as the Court deems appropriate.

DATED: July 31, 2008                    Respectfully submitted,

   /s/  Charles W. Chotvacs
Constantinos G. Panagopoulos # 430932
Charles W. Chotvacs # 484155
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W., Suite 1000 South
Washington, D.C.  20005-3807
Telephone: (202) 661-2200
Facsimile: (202) 661-2299
cgp@ballardspahr.com
chotvacsc@ballardspahr.com
*Counsel for Defendant*
*Madrigal Condominiums, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2008, Madrigal Condominiums, LLC's Answer to Plaintiffs' Complaint was electronically filed with the Clerk of the Court via the CM/ECF system, which shall send a notice of electronic filing to the following counsel of record:

> Gary C. Adler
> ROETZEL & ANDRESS, LPA
> 1300 Eye Street, N.W.
> Suite 400 East
> Washington, D.C. 20005
> E-mail: gadler@ralaw.com
> *Counsel for Defendant*
> *The Mayhood Company*

I further certify that a true and correct copy of the foregoing Answer was mailed, First-Class postage prepaid, this 31st day of July, 2008, to the following counsel for Plaintiffs:

> Arthur G. Kahn
> BRINCEFIELD, HARTNETT & KAHN, P.C.
> 526 King Street
> Suite 423
> Alexandria, VA 22314-3144
> E-mail: agkahn@brincefield.com
> *Counsel for Plaintiffs*
> *Dipka Bhambhani, Craig Heilman,*
> *Wias Issa, Tuoc H. Nguyen,*
> *Ja Eon Pak, and Insook Yoo*

                                        /s/ Charles W. Chotvacs
                                        Charles W. Chotvacs