IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DIPKA BHAMBHANI, ET AL.,             )
                                    )
    *Plaintiffs*,                       )
                                    )
*v.*                                 )   Case No.: 1:08-CV-01175 (JDB)
                                    )
MADRIGAL CONDOMINIUMS, LLC, ET AL.,  )
                                    )
    *Defendants*.                      )
_____)

**THE PARTIES' LOCAL CIV. R. 16.3 STATEMENT**

I.    **STATEMENT OF THE CASE /
    STATUTORY BASIS FOR CAUSES OF ACTION AND DEFENSES**

    Plaintiffs Dipka Bhambhani, Craig Heilman, Wias Issa, Tuoc H. Nguyen, Ja Eon Pak, and Insook Yoo (collectively "Plaintiffs") have brought this action against Defendants Madrigal Condominiums, LLC ("Madrigal") and The Mayhood Company ("Mayhood") (collectively "Defendants") in relation to purchase agreements that the Plaintiffs entered into for the sale of condominium units in the District of Columbia.  In Count I of their Complaint, which is the only count against Mayhood, Plaintiffs allege that Madrigal and Mayhood violated the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. §§ 1701 *et seq.*, in regards to the sale of the condominium units to the respective Plaintiffs.  In addition, Plaintiffs allege in Counts II and III that Madrigal violated the District of Columbia Condominium Act and breached the respective purchase agreements.  Defendants jointly deny any violation of ILSFDA and assert that the condominium is exempt from the requirements of ILSFDA.  Moreover, Madrigal denies that it violated the D.C. Condominium Act by not providing the Plaintiffs with an amended Public

Offering Statement or that it breached the purchases agreements by allegedly failing to deliver the condominium units within 24 months.

## II.     LOCAL CIV. R. 16.3(c) MATTERS

1. The parties believe that this case can be disposed of by dispositive motion(s) on summary judgment at the close of discovery.

2. The parties believe that the date by which any other parties shall be joined or the pleadings amended should be on or by September 24, 2008. The parties do not believe that any factual or legal issues can be further narrowed at this point.

3. The parties do not agree to assignment of this case to a magistrate judge for all purposes.

4. The parties believe that there may be some possibility of settling this case after discovery, although not at this point, and will inform the Court if the possibility of settlement becomes realistic at any time.

5. At this time, the parties do not think that mediation would be productive.

6. The parties believe that this case can be disposed of by summary judgment at the close of discovery. The parties believe that the deadline for dispositive motions should be 30 days after the close of discovery, or on February 9, 2009, with oppositions due 21 days after service of the dispositive motion, and reply briefs due 14 days after service of the opposition. The parties propose that decisions on any dispositive motions shall be rendered within 45 days of the date of the last filing associated with the motion, or on or by April 30, 2009.

7. The parties agree to forego the exchange of initial disclosures pursuant to Rule 26(a)(1), Fed.R.Civ.P.

8. The parties agree that the deadline for post-Rule 26(a)(1) discovery requests, i.e.,

interrogatories, document requests, and requests for admissions, should be December 1, 2008, and that discovery should be guided by the Federal Rules of Civil Procedure and this Court's Local Rules, which set a presumptive limit of no more than 10 depositions of a duration of no more than 7 hours per witness and 25 interrogatories per party. The parties believe that discovery should close on January 9, 2009, approximately 120 days after the original date set for the Court's initial scheduling conference.

9.   The parties believe that the requirements of Rule 26(a)(2), Fed.R.Civ.P., should govern. The parties propose that plaintiff's Rule 26(a)(2) report be served on or by November 19, 2008, with defendants' Rule 26(a)(2) reports to be served on or by December 19, 2008.

10.  There are no class issues involved in this case.

11.  The parties agree that neither discovery nor trial should be bifurcated.

12.  The parties propose that a final pretrial conference date be set 60 days after the Court's decision on dispositive motions, if any are filed. If no dispositive motions are filed, then the parties propose a pretrial conference date 60 days from the dispositive motion deadline.

13.  The parties propose that a firm trial date be set at the pretrial conference.

14.  The parties have discussed issues related to the disclosure and preservation of electronically stored information. The parties agree to preserve all electronically stored information related to this case. Based on the parties' current understanding of the scope of this litigation, it is believed that all such information can be produced in paper format.

//

//

//

//

3

RESPECTFULLY SUBMITTED this 28th day of August, 2008:

  /s/  Arthur G. Kahn
Arthur G. Kahn #914192
Brincefiled, Hartnett & Kahn, P.C.
526 King Street, Suite 423
Alexandria, VA  22314-3144
Telephone: (703) 836-2880
Facsimile: (703) 549-1924
agkahn@brincefield.com
*Counsel for Plaintiffs*
*Dipka Bhambhani, Craig Heilman,*
*Wias Issa, Tuoc H. Nguyen,*
*Ja Eon Pak, and Insook Yoo*

  /s/  Charles W. Chotvacs
Constantinos G. Panagopoulos #430932
Charles W. Chotvacs #484155
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C.  20005-3807
Telephone: (202) 661-2200
Facsimile: (202) 661-2299
cgp@ballardspahr.com
chotvacsc@ballardspahr.com
*Counsel for Defendant*
*Madrigal Condominiums, LLC*

  /s/  Gary C. Adler
Gary C. Adler #416640
ROETZEL & ANDRESS, LPA
1300 Eye Street, N.W., Suite 400 East
Washington, D.C.  20005
Telephone: (202) 625-0600
Facsimile: (202) 338-6340
gadler@ralaw.com
*Counsel for Defendant*
*The Mayhood Company*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                       )
DIPKA BHAMBHANI, ET AL.,               )
                                       )
        Plaintiffs,                    )
                                       )
v.                                     )   Case No.: 1:08-CV-01175 (JDB)
                                       )
MADRIGAL CONDOMINIUMS, LLC, ET AL.,    )
                                       )
        Defendants.                    )
_____)
```

## SCHEDULING ORDER

Upon consideration of the Parties' Local Civ. R. 16.3 Statement, the Court enters the following Scheduling Order in this case:

1. The deadline for joinder of additional parties and the amendment of pleadings is **September 24, 2008**.

2. The parties agree to forego the exchange of initial disclosures pursuant to Rule 26(a)(1), Fed.R.Civ.P. Moreover, discovery shall be guided by the Federal Rules of Civil Procedure and this Court's Local Rules, which set a presumptive limit of 10 depositions of a duration of no more than 7 hours per witness and 25 interrogatories per party.

3. The deadline for post-Rule 26(a)(1) discovery requests (interrogatories, document requests, and requests for admissions) is **December 1, 2008**.

4. The deadline for plaintiff's Rule 26(a)(2) expert witness report and information is **November 19, 2008**. The deadline for defendants' Rule 26(a)(2) expert witness reports and information is **December 19, 2008**.

5. Discovery will close on **January 9, 2009**.

6. Dispositive motions must be filed on or by **February 9, 2009**, with oppositions due 21 days after service of the dispositive motion, and reply briefs due 14 days after service of the opposition. The parties propose that decisions on any dispositive motions shall be rendered within 45 days of the date of the last filing associated with the motion, or on or by April 30, 2009.

7. The final pretrial conference shall take place approximately 60 days after the Court's decision on dispositive motions, if any are filed. If no dispositive motions are filed, then a pretrial conference shall take place approximately 60 days from the dispositive motion deadline. A firm trial date shall be set at the final pretrial conference.

_____                    _____
Date                                       John D. Bates
                                           United States District Judge

A copy of the foregoing Order shall go to:

Arthur G. Kahn
BRINCEFIELD, HARTNETT & KAHN, P.C.
526 King Street
Suite 423
Alexandria, VA  22314-3144
agkahn@brincefield.com
*Counsel for Plaintiffs*
*Dipka Bhambhani, Craig Heilman,*
*Wias Issa, Tuoc H. Nguyen,*
*Ja Eon Pak, and Insook Yoo*

Gary C. Adler
ROETZEL & ANDRESS, LPA
1300 Eye Street, N.W.
Suite 400 East
Washington, D.C.  20005
gadler@ralaw.com
*Counsel for Defendant*
*The Mayhood Company*

Constantinos G. Panagopoulos
Charles W. Chotvacs
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C.  20005
cgp@ballardspahr.com
chotvacsc@ballardspahr.com
*Counsel for Defendant*
*Madrigal Condominiums, LLC*